**IN THE UNITED STATES DISTRICT COURT**
**THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

AUG 1 3 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| OSCAR MARTINEZ-LOPEZ | § | |
| | § | |
| **Plaintiff** | § | |
| v. | § | **Civil Action B-04-105** |
| | § | |
| MARC MOORE, Field Office Director; | § | |
| TOM RIDGE, Secretary, Department | § | |
| of Homeland Security; and the | § | |
| UNITED STATES of AMERICA | § | |
| | § | |
| **Defendants** | § | |

**THE UNITED STATES OF AMERICAS MOTION TO DISMISS**
**AND/OR**
**MOTION FOR SUMMARY JUDGMENT**

COME NOW, MARC MOORE, Field Office Director, TOM RIDGE, Secretary Department of Homeland Security, and the UNITED STATES OF AMERICA, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, and submit this pursuant to Rules 12(b)(1), 12(b)(6), and 56 of the Federal Rules of Civil Procedure, Response to Plaintiff Oscar Martinez-Lopez ("Martinez-Lopez") petition for writ of habeas corpus.

## I.    STATEMENT OF FACTS

Martinez-Lopez entered the United States as a lawful permanent resident on May 18, 1983. On June 28, 1991, petitioner was convicted in the United States District Court for the Southern District of Texas, McAllen Division, of conspiracy to possess with intent to distribute between 100 kilograms and 1000 kilograms of marijuana. He was convicted by a jury on March 4, 1991. He was sentenced to 85 months in prison. He appealed the decision to the Fifth Circuit Court of Appeals

who dismissed the appeal on May 25, 2000, finding no errors. Mandate was issued on June 16, 2000.

The United States issued a Notice to Appear to Martinez-Lopez on June 24, 1997, charging him as removable under §237(a)(2)(A)(iii) of the Immigration and Nationality Act ("Act") (aggravated felony – drug trafficking). An immigration judge ordered his removal on May 7, 2003, finding Martinez-Lopez removable for having been convicted of an aggravated felony and a crime relating to a controlled substance. Further, the immigration judge found Martinez-Lopez ineligible for relief. Martinez-Lopez timely filed an appeal with the Board of Immigration Appeals ("Board").

On May 13, 2004, the Board affirmed, without opinion, the immigration judge's decision. Martinez-Lopez' removal order became administratively final on May 13, 2004. He then filed the instant action.

## II.    STANDARDS OF REVIEW

### A.    Standard of Review 12(b)(1)

Rule12(b)(1), Fed.R.Civ.P., permits dismissal of an action when the court lacks subject matter jurisdiction. A motion under Rule 12(b)(1) may be decided on any of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; and (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996); *Fleischer v. U. S. Dept. of Veterans Affairs*, 955 F. Supp. 731, 733-34 (S.D.Tex. 1997). A Rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Home Builders Ass'n of Miss., et al. v. City of Madison, Miss.*, 143 F.3d 1006, 1009 (5th Cir. 1998); *Benton v. United States*, 960 F.2d 19, 20 (5th Cir. 1992). A case

is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory

authority or constitutional power to adjudicate it. *Home Builders, etc.*, 143 F.3d at 1009.

**B.      Standard of Review Rule 12(b)(6)**

A complaint may be dismissed for failure to state a claim upon which relief can be granted.

Fed.R.Civ.P. 12(b)(6).  In assessing a Rule 12(b)(6) motion, the complaint is construed liberally in

plaintiff's favor and facts pleaded in the complaint are taken as true. *Shipp v. McMahon*, 234 F.3d

907, 911 (5th Cir. 2000)(citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986)).

A plaintiff must plead specific facts, not mere conclusory allegations, in order to withstand a motion

to dismiss. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992).  "The district court may

not dismiss a complaint under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can

prove no set of facts in support of his claim which would entitle him to relief.'" *Shipp*, 234 F.3d at

911  (quoting *Conley  v.  Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02 (1957)).  When a

successful affirmative defense appears on the face of the pleadings, dismissal under Rule 12(b)(6)

may be appropriate. *Kansa Reinsurance Co. v. Congressional Mortg. Corp.*, 20 F.3d 1362, 1366

(5th Cir. 1994).

**C.      Standard of Review Rule 56**

Under Fed.R.Civ.P. 56(c), summary judgment is appropriate when the moving party is able

to demonstrate that "the pleadings, depositions, answers to interrogatories, and admissions on file,

together with affidavits, if any, show that there is no genuine issue as to any material fact and that

the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S.

317, 323-25 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The party seeking

summary judgment bears the initial burden of informing the court of the basis for its motion and

identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on

file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323; *Anderson*, 477 U.S. at 248. Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322-23; *Anderson*, 477 U.S. at 257. Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to its case on which it bears the burden of proof at trial. *Celotex*, 477 U.S. at 322.

## III.    ARGUMENT

### A.    Statutory Issues Relating to Relief from Removal

The immigration judge found Martinez-Lopez ineligibility for relief pursuant to §212(c) of the Act.    Martinez-Lopez claims that he should be allowed to apply for a discretionary waiver of deportation for the drug conviction under former §212(c) of the Act, 8 U.S.C. §1182(c) (1994) (repealed), pursuant to the Supreme Court's decision in *INS v. St. Cyr*, 533 U.S. 289 (2001). In *St. Cyr*, the Supreme Court held that, for aliens in removal proceedings, "§212(c) relief remains available for aliens ... whose convictions were obtained through plea agreements . . . ." *St. Cyr*, 533 at 325. The immigration judge determined that the holding in *St. Cyr* did not apply to Martinez-Lopez since he was convicted in a jury trial instead of by entering a guilty plea. The Fifth Circuit has not addressed this issue, but the Second and Eleventh Circuits have found that §212(c) of the Act does not apply to aliens convicted before 1996 in a trial and have rejected constitutional challenges to distinctions made between convictions by plea and conviction by trial to §212(c) of the Act eligibility. *See Rankine v. Reno*, 319 F.3d 94, 102 (2nd Cir. 2003); *Brooks v. Ashcroft*, 283 F.3d 1268, 1273-74 (11th Cir. 2002).

Even if this Court should find that Martinez-Lopez is entitled to apply for §212(c) of the Act in spite of his conviction by trial, he is not eligible to apply for that relief because he cannot show statutory eligibility for that relief.  In order to be eligible for relief pursuant to §212(c) of the Act:

> Aliens lawfully admitted for permanent residence who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) (other than paragraphs (3) and (9)(C)). ... **The first sentence of this subsection shall not apply to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least 5 years.** (emphasis added).

Martinez-Lopez served more than 5 years in prison for his drug conviction.  Therefore, he is ineligible to apply for a §212(c) waiver.

**B.      Substantive Due Process**

Martinez-Lopez claims the immigration judge has impermissibly applied the interpretation of the definition of "aggravated felony" retroactively to his drug conviction.  He further contends that this impermissible application violates his due process rights.

The term "aggravated felony" was first added to the Act by §7342 of the Anti-Drug Abuse Act of 1988, Pub. L. 100-690, 102 Stat. 4181.  The term was first defined within the federal sentencing guidelines.  The types of crimes with immigration consequences have expanded over the years to its present definition.  §101(a)(43) of the Act, 8 U.S.C. §1101(a)(43).  Included in the definition of "aggravated felony" is "drug trafficking."  §101(a)(43)(B) of the Act, 8 U.S.C. §1101(a)(43)(B).  The provision eliminating aliens who serve 5 years or more in prison for an aggravated felony from eligibility for a §212(c) waiver was added in 1990, well before Martinez-Lopez was convicted of the drug offense.  Also, Martinez-Lopez's conviction is clearly a drug trafficking offense – conspiracy to possess with intent to distribute marijuana.  There is no question Martinez-Lopez's conviction is an aggravated felony.

## IV.    CONCLUSION

Martinez-Lopez was convicted of a criminal offense by a jury.  He is therefore, ineligible for a §212(c) waiver based on the decision in *St. Cyr*.  Martinez-Lopez has been convicted of an aggravated felony.  Martinez-Lopez served more than 5 years in prison for that conviction.  He is ineligible for a §212(c) waiver on that basis.  The Board did not err in affirming the immigration judge's decision.  The immigration judge did not err in finding Martinez-Lopez removable from the United States and ineligible for relief from removal.

WHEREFORE, MARC MOORE, Field Office Director, TOM RIDGE, Secretary Department of Homeland Security, and the UNITED STATES OF AMERICA, prays that the Court grant his Motion to Dismiss and/or Alternatively Motion for Summary Judgment; that if said Motion is not granted, then after due proceedings there be judgment in the United States of America's favor and against Plaintiffs, dismissing the Complaint at Plaintiff's cost, and for all general and equitable relief as may be appropriate.

Respectfully submitted,
MICHAEL T. SHELBY
UNITED STATES ATTORNEY

STEVEN SCHAMMEL
Assistant United States Attorneys
1701 W. Hwy. 83, Ste. 600
McAllen, TX  78501
Telephone:  (956) 618-8010
(956) 618-8016 (fax)
State Bar No.  24007990

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing *United States of America's Motion to Dismiss And/or Motion for Summary Judgment* was sent by First-Class Mail to the following:

> Ms. Lisa Brodyaga
> Refugio del Rio Grande
> 17891 Landrum Park Road
> San Benito, Texas  78586

on this the _12th_ day of _August_, 2004.

STEVEN T. SCHAMMEL
Assistant United States Attorney

cc:    Ms. Lisa Putnam
       BICE -Law Department
       PO Box 1711
       Harlingen, TX  78551