United States District Court
Southern District of Texas
FILED

AUG 2 4 2004

Michael N. Milby
Clerk of Court

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| OSCAR MARTINEZ-LOPEZ, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. B-04-105 |
| MARC MOORE, FIELD OFFICE DIRECTOR, and | ) | |
| TOM RIDGE, SECRETARY, DEPARTMENT OF | ) | |
| HOMELAND SECURITY, and | ) | |
| THE UNITED STATES OF AMERICA. | ) | |
| ———————————————————— | ) | |

**PETITIONER'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO
MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT**

Oscar Martinez-Lopez, through counsel, files the instant Unopposed
Motion For Extension of Time To Respond to Respondents' Motions to
Dismiss, and for Summary Judgment, on his petition for Writ of
Habeas Corpus and complaint for injunctive and declaratory relief,
until 45 days following receipt of the administrative record.  In
support of same, he respectfully shows as follows:

## I.   INTRODUCTION

The case at bar challenges the conclusion that Petitioner is
ineligible for relief pursuant to (prior) §212(c) of the Act.  In
addition to the constitutional questions raised in the Salazar-
Regino series, B-02-045, (No. 03-41492, 5th Cir. pending), it raises
two questions of first impression in this judicial circuit, to wit,
whether, under *INS v. St. Cyr,* 533 U.S. 289 (2001) the time
restrictions on §212(c) relief imposed by the 1990 amendments
(IMMACT90) properly apply to offenses committed prior to enactment,
and whether an LPR who exercised his constitutional right to trial
by jury can claim the protection of the Court's holding in *St. Cyr.*

## II.   JURISDICTION

Petitioner Oscar Martinez is under an administratively final order
of removal, (Petitioner's Exhibit A).  At the time his petition was

filed, he was also under an Order to report for deportation on July 9, 2004. (Petitioner's Exhibit B). In light of these orders, he was clearly "in custody" for habeas purposes because said orders placed significant restrictions on his liberty not shared by the populace at large, within the meaning of *Jones v. Cunningham,* 371 U.S. 236,240 (1963). The instant case raises issues over which the Fifth Circuit would not have jurisdiction under 8 U.S.C. §1252(a)(2)(C), *i.e.,* eligibility for relief from removal. *See, Flores-Garza v. INS,* 328 F.3d 797 (5th Cir. 2003); *Pequeno-Martinez v. Trominski,* 281 F.Supp.2d 902,909-914 (S.D.Tx. 2003). Petitioner further asserts that jurisdiction over his complaint for injunctive and declaratory relief is appropriate under 28 U.S.C. §1331 (federal question); §1346(a)(2) (action against an agency, and/or officers of the U.S.), and §1367 (supplemental jurisdiction).

Respondents urge that the Court lacks subject matter jurisdiction, and that the case should be dismissed under Rule 12(b)(1), Federal Rules of Civil Procedure. Respondents do not contest that Mr. Martinez was "in custody" for habeas purposes when the instant action was filed. He has raised statutory and constitutional issues, relating to relief from removal. Thus both the motion to dismiss, and the summary judgment motion, will depend on matters within the administrative record, and Petitioner cannot reasonably defend against said motions until the record has been filed.

On August 23, 2004, the undersigned spoke with Steven Schammel, Attorney for Respondents, who stated that the Government did not oppose the instant motion.

Respectfully Submitted,

2

Lisa S. Brodyaga, Attorney
17891 Landrum Park Road
San Benito, TX 78586
(956) 421-3226                      Fed. ID.  1178
(956) 421-3423 (fax)                Texas Bar 03052800

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing, with proposed Order, was
mailed, first class postage prepaid, to Steven Schammel, AUSA, 1701
W. Bus. 83, #600, McAllen, Texas, 78501, on August 23, 2004.