United States District Court
Southern District of Texas
ENTERED

FEB 1 4 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

OSCAR MARTINEZ-LOPEZ,           §
    Plaintiff,              §
                             §
v.                              §
                             §          CIVIL ACTION NO. B-04-105
                             §
MARC MOORE, Field Director;     §
TOM RIDGE, Secretary, Department of §
Homeland Security; and the      §
UNITED STATES OF AMERICA        §
    Defendant.              §

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Petitioner Oscar Martinez-Lopez's (hereinafter Petitioner) Petition for Writ of Habeas Corpus and Request for Declaratory and Injunctive Relief (Docket No. 1). The Government has filed a Motion to Dismiss and/or Motion for Summary Judgment (Docket No. 6), which will also herein be considered. For the following reasons, the relief sought by Petitioner should be DENIED and the Government's Motion to Dismiss should be GRANTED.

## BACKGROUND

Petitioner entered the United States as a lawful permanent resident on May 18, 1983. He was convicted of conspiracy to possess with intent to distribute between 100 and 1000 kilograms of marijuana by a jury on March 4, 1991 and was sentenced to 85 months in prison. He appealed the decision to the Fifth Circuit Court of Appeals which, on May 25, 2000, dismissed the appeal. Mandate was issued on June 16, 2000.

On June 24, 1997 the United States issued a Notice to Appear in which Petitioner was charged as removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (the

1

Act). Petitioner's removal was subsequently ordered by an immigration judge (IJ) on May 7, 2003 after it was determined that Petitioner was removable for having been convicted of an aggravated felony for which he served more than five years in prison. The IJ also concluded that Petitioner was not eligible for a waiver of deportation. Petitioner appealed the decision of the IJ to the Board of Immigration Appeals but the decision was affirmed on May 13, 2004.

Petitioner filed the instant action on June 24, 2004 (Docket No. 1). On August 13, 2004 the Government filed a Motion to Dismiss and/or Motion for Summary Judgment (Docket No. 6). Petitioner then requested, on August 24, 2004 an extension of time in which to respond to the Government's motion (Docket No. 7). The Court granted Petitioner's request (Docket No. 8), giving him until October 15, 2004. As of today, February 10, 2005, Petitioner has not submitted a response to the Government's motions. This matter is now ripe for judgment.

## ALLEGATIONS

Petitioner alleges that he is entitled to relief because: (1) he was eligible to apply for a waiver of deportation, (2) his substantive and procedural due process rights were violated, (3) his deportation would result in a breach of contract and/or unjust enrichment for the United States, (4) his equal protection rights have been violated through denial of a waiver of deportation, and (5) his deportation would violate international law and treaty obligations.

## DISCUSSION

i.    *Waiver of deportation issues*

Petitioner alleges that he is entitled to apply for a discretionary waiver of deportation under former § 212(c) of the Act in light of the Supreme Court's Decision in *INS v. St. Cyr*, 533 U.S. 289 (2001). In that case it was decided that § 212(c) relief remained available to aliens

2

whose convictions were obtained through a plea agreement "and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect." *Id.* at 326. The Government argues that *St. Cyr* does not apply in Petitioner's case because he did not enter a guilty plea but was instead convicted in a jury trial and was otherwise statutorily ineligible for relief.

Though the Fifth Circuit has not yet addressed the issue, the First, Second, Ninth and Eleventh Circuit Courts of Appeals have interpreted *St. Cyr* to stand for the proposition that aliens convicted after trial do not enjoy an exemption from the retroactive effect of the amendments to § 212(c). These courts argue that the Supreme Court's decision in *St. Cyr* does not mandate that such aliens be allowed to seek a waiver of deportation. *Dias v. INS*, 311 F.3d 456, 458 (1st Cir. 2002); *Rankine v. Reno*, 319 F.3d 93, 100 (2nd Cir. 2003); *Armendariz-Montoya v. Sonchik*, 291 F.3d 1116,1121-22 (9th Cir. 2002), cert. denied, 539 U.S. 902, 156 L. Ed. 2d 110, 123 S. Ct. 2247 (2003); *Brooks v. Ashcroft*, 283 F.3d. 1268, 1273-74 (11th Cir. 2002). The Third Circuit, however, makes an exception for aliens who decided to go to trial after declining a plea agreement, reasoning that these aliens are more likely to have relied on the potential availability of § 212(c) relief. *Ponnapula v. Ashcroft*, 373 F.3d 480, 494 (3rd Cir. 2004). Thus there are differing opinions amongst the Circuit Courts as to how *St. Cyr* should be interpreted and no direct guidance from the Fifth Circuit on the issue. This Court, however, need not enter those unsettled waters as the instant case can be resolved without reaching the issue of whether Petitioner's conviction following a jury trial made him ineligible for § 212(c) relief.

First, it is crucial to understand that there were amendments to § 212(c) affecting waiver of deportation eligibility before that section was repealed in 1996. As the Supreme Court notes in *St. Cyr*, Congress amended § 212(c) in 1990 "to preclude from discretionary relief anyone convicted of an aggravated felony who had served a term of imprisonment of at least five years." 533 U.S. at 297 (citing § 511, 104 Stat. 5052 as amending 8 U.S.C. § 1182(c)). Petitioner's conviction for commission of an aggravated felony, for which he subsequently served more than five years in prison, occurred in 1991, after the 1990 amendment. Thus, Petitioner would *not* have been eligible for § 212(c) relief under the law at the time of his conviction and the retroactivity concerns raised by the Supreme Court's decision in *St. Cyr* are not relevant to Petitioner's case. 533 U.S. at 326.

Petitioner further argues, however, that the 1990 amendments to § 212(c) should not apply in his case because he committed the offense he was ultimately convicted of before those amendments were enacted.[1] This retroactivity argument also lacks merit. As the Second Circuit notes in regards to its analysis of the situation addressed by *St. Cyr*, it is the date of Petitioner's conviction that is relevant in determining eligibility for § 212(c) relief. *Rankine*, 319 F.3d at 98. Thus, Petitioner was clearly ineligible for a waiver of deportation in 1991 and the IJ did not err in denying his request § 212(c) relief. Therefore, Petitioner can prove no set of facts that would entitle him to relief on this claim and it should be dismissed. *Shipp v. McMahon*, 234 F.3d 907, 911 (5th Cir. 2000).

---

[1]Petitioner alleges that he committed the offense leading to his conviction on May 5, 1990. According to the legislative history of 8 U.S.C. § 1182, § 212(c) was amended on November 29, 1990.

4

ii.    *Due process*

Petitioner claims that the IJ's denial of § 212(c) relief violated his right to due process. As noted above, it is the opinion of this Court that Petitioner was ineligible for a waiver of deportation at the time of his conviction for commission of an aggravated felony and the IJ did not err in denying such relief. Furthermore, the Fifth Circuit has noted that "§ 212(c) relief, because it is available within the broad discretion of the Attorney General, is not a right protected by due process." *United States v. Lopez-Ortiz,* 313 F.3d 225, 231 (5th Cir. 2002), cert. denied, 537 U.S. 1135 (2003). As such, this is not a claim upon which relief can be granted and it should be dismissed.

iii.    *Breach of contract and unjust enrichment*

In his third basis for relief Petitioner alleges that his deportation would unjustly enrich the United States and constitute a breach of contract because he has paid money into Social Security and Medicare accounts. Though creative, these claims also fail. First, neither claim is cognizable in a habeas corpus action. *28 U.S.C. § 2241 (2005).* Additionally, it does not appear that Petitioner had a contractual relationship with the government on which he could base a breach of contract claim nor that Petitioner may bring a claim under the Tucker Act over which the district court would have jurisdiction. *Ware v. United States,* 626 F.2d 1278, 1286 (1980); *28 USCS § 1346(a) (2005).* Furthermore, Petitioner's payment of taxes has not resulted in an unjust enrichment for the United States. Petitioner voluntarily committed the acts which placed him in jeopardy of being removed from this country. To argue that his Social Security and Medicare payments should be returned or that he should be allowed to remain in the United States because of those payments defies logic. Petitioner cites no authority for this position and the Court could

find no case law or statute that would lend even a sliver of credence to Petitioner's unjust enrichment claim. Once again, Petitioner could prove no set of facts in support of this claim that would entitle him to relief and, as such, it should be dismissed. *Shipp,* 234 F.3d at 911.

iv.    *Equal protection*

Petitioner argues that his constitutional right to equal protection was violated by the Government's decision to make deportation waivers available to legal permanent residents who pleaded guilty to an offense but not to those who were convicted at trial. As discussed above Petitioner was ineligible for § 212(c) relief due to the 1990 amendments disqualifying aliens with aggravated felony convictions, who have served five years in prison, from being granted deportation waivers, not because he was convicted at trial. Therefore, in being denied § 212(c) relief, Petitioner was treated exactly as otherwise similarly situated individuals and his equal protection claim fails. *Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439 (1985); *Lawrence v. Texas,* 539 U.S. 558, 579 (2003).[2] Accordingly, Petitioner can prove no set of facts in support of this claim that would entitle him to relief and it should be dismissed. *Shipp,* 234 F.3d at 911.

---

[2]Furthermore, in *St. Cyr* the Supreme Court "focused on the fact that plea agreements are a form of quid pro quo where, in exchange for some perceived benefit, defendants waive several of their constitutional rights (including the right to a trial) and grant the government numerous tangible benefits." *Rankine,* 319 F.3d at 99 (quoting *St. Cyr,* 533 U.S. at 322). Thus assuming arguendo that Petitioner's decision to proceed to trial did prevent § 212(c) relief, he was not similarly situated to other legal permanent residents who accepted plea bargains and his equal protection claim would also likely fail under those circumstances.

6

v.    *International law and treaty obligations*

Petitioner does not identify, and the Court is not aware of, any international laws or treaties would be violated by his deportation. As such this claim lacks merit and should be dismissed for failure to state a claim upon which relief can be granted.

## RECOMMENDATION

For the above reasons it is recommended that Oscar Martinez-Lopez's Petition for Writ of Habeas Corpus and Request for Declaratory and Injunctive Relief (Docket No. 1) be DENIED. Furthermore it is recommended that the Government's Motion to Dismiss (Docket No. 6) be GRANTED.

## NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

DONE at Brownsville, Texas, this ___14th___ day of February, 2005.


Felix Recio
United States Magistrate Judge

7